IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JAMES CHATMAN, ) | No. C 07-6137 MMC (PR) |
| ) Petitioner, ) | **ORDER OF TRANSFER** |
| v. ) | **(Docket Nos. 2 & 4)** |
| ) TOM FELKER, ) | |
| ) Respondent. ) | |
| _____ ) | |

On August 20, 2007, petitioner, a California prisoner incarcerated at High Desert State Prison in Susanville, California, and proceeding pro se, filed, in the United States District Court for the Eastern District of California, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 27, 2007, the petition was transferred to the Northern District on the ground of improper venue, specifically, for the reason that petitioner was convicted in the San Mateo County Superior Court and "witnesses and evidence necessary for the resolution of petitioner's application are more readily available in the county of conviction." (Order of Transfer, filed Nov. 27, 2007, at 1.)  A review of the allegations in the petition shows, however, that petitioner is not challenging the validity of his underlying criminal conviction. Rather, he is challenging the forfeiture of ninety days of time credits lost as a result of a disciplinary hearing held in December 2005 at High Desert State Prison, where petitioner currently is incarcerated. (See Pet. "Statement of Facts" at 3-5.)

A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts

may be filed in either the district of confinement or the district of conviction. See 28 U.S.C. § 2241(d). Although each of such districts shall have concurrent jurisdiction to entertain the petition, the district court for the district where the petition is filed may transfer the petition to the other district in the furtherance of justice. See id. Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. See Dannenberg v. Ingle, 831 F. Supp. 767, 767 (N.D. Cal. 1993). If, however, the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. See Habeas L.R. 2254-3(a); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (holding proper forum to challenge execution of sentence is district where prisoner is confined).

Here, petitioner challenges the forfeiture of time credits at a disciplinary hearing held at High Desert State Prison, the facility at which petitioner currently is confined. High Desert State Prison is in Susanville, which is located in Lassen County. Lassen County, in turn, is located within the venue of the Eastern District of California. See 28 U.S.C. § 84(b).

Accordingly, pursuant to 28 U.S.C. § 1406(a), and in the interest of justice, the above-titled action is hereby TRANSFERRED to the United States District Court for the Eastern District of California. In light of the transfer, this Court will defer to the Eastern District with respect to petitioner's application to proceed in forma pauperis.

This order terminates Docket Nos. 2 and 4.

IT IS SO ORDERED.

DATED: August 27, 2008

MAXINE M. CHESNEY
United States District Judge